UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANNALISA RIVERA-FRANZ                                    CV

                                    Plaintiff,

        -against-                                        **COMPLAINT**

STANDARD REALTY ASSOCIATES, INC.                        **JURY TRIAL REQUESTED**

                                    Defendant.
-----------------------------------------------------------------x

<u>**COMPLAINT**</u>

Plaintiff Annalisa Rivera-Franz (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant Standard Realty Associates, Inc. (hereafter referred to as "Defendant"), hereby alleges as follows:

<u>**NATURE OF THE CLAIMS**</u>

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"")*.*  As explained more fully below, Defendant owns, leases, leases to, operates, and controls a place of public accommodation that violates the above-mentioned laws.  Plaintiff also alleges a claim for Negligence and seeks damages for

1

bodily injury proximately caused by the Defendant's Negligence.  Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

4.      At all times relevant to this action, Plaintiff Annalisa Rivera-Franz has been and remains currently a resident of New York, New York.  More specifically, Plaintiff resides on East 13th Street between Avenues A and B in Manhattan.

5.      At all times relevant to this action, Plaintiff Annalisa Rivera-Franz has Hypermobile Ehlers-Danlos syndrome and other medical conditions that inhibit walking and restrict body motion range and movement.  Because of her disabilities, Plaintiff often utilizes a cane and knee braces for mobility.

6.       At all relevant times, defendant Standard Realty Associates, Inc. owns a commercial condominium unit in "The Avenue B Condominium" located on the

southwest corner of East 13th Street and Avenue B with a street address of 212 Avenue B (hereinafter referred to as "212 Avenue B").

7.      Standard Realty Associates, Inc. is the sponsor of The Avenue B Condominium.  In that capacity, Standard Realty Associates, Inc. issued a Declaration for establishing a plan for condominium ownership in or around 1993.

8.      At all relevant times, a coffee shop doing business as B Cup Café has and continues to operate a coffee shop establishment at 212 Avenue B doing business as B Cup Café (hereinafter referred to as the "B Cup Café" premises).

9.      B Cup Café operates out of the commercial condominium unit in The Avenue B Condominium, which commercial condominium unit is owned by Defendant Standard Realty Associates, Inc.

10.     Upon information and belief, Defendant Standard Realty Associates, Inc. leases the commercial condominium unit to the owners of B Cup Café.

11.     Defendant is licensed to and does business in New York State.

12.     Upon information and belief, Defendant is a large landowner and owns numerous buildings in Manhattan such as 98 Thompson Street and 265 West 23rd Street.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     Plaintiff qualifies as an individual associated with persons with a known disability and suffer discrimination because of her association in violation of 42 U.S.C. § 12182 (b)(1)(E) and § 8-107(20) of the NYCHRL.

14.     Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, the B Cup Café premises located at 212 Avenue B, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104),

the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

15.     The B Cup Café premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

16.     Numerous architectural barriers exist at the B Cup Café premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

17.     Upon information and belief, at some time after 2005, alterations were made to 212 Avenue B, including areas adjacent and/or attached to 212 Avenue B.

18.     Upon information and belief, at some time after 2005, alterations were made to the B Cup Café premises, and to areas of 212 Avenue B related to the B Cup Café premises.

19.     Plaintiff resides down the block from the B Cup Café premises.

20.     Plaintiff travels by the B Cup Café premises on an almost daily basis.

21.     On numerous occasions, Plaintiff has patronized the B Cup Café premises where she has purchased food and beverages and sat inside.

22.     Plaintiff enjoys the convenience of the B Cup Café premises.  She likes their food and beverages as well as the atmosphere inside.  More specifically, Plaintiff enjoys their coffee and tea but especially enjoys their gluten-free peanut butter cookies.

23.     But there are two steps to enter the B Cup Café premises.  These steps make it difficult and dangerous for Plaintiff to enter and exit the B Cup Café premises.

4

24.     The two steps at the entrance to the B Cup Café premises make it impossible for Plaintiff to meet any of her friends who use wheelchairs at the Café.

25.     The two steps at the entrance also makes it difficult for plaintiff's husband (who has low vision) to negotiate the steps.

26.      The services, features, elements and spaces of the B Cup Café premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

27.     Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the B Cup Café premises that are open and available to the public.

28.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

29.     An entrance with a step is no different than a sign informing people with disabilities to "keep out".  *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

30.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff, and by her association with people with disabilities, from patronizing the B Cup premises as well as architectural barriers that exist include, but are not limited to, the following:

I.     The public entrance doorway is not accessible because of steps.
Defendant fails to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).
Defendant fails to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.
Defendant fails to provide that all its public entrances are accessible. See 2014 NYC 1105.1.

II.     There are steps at the exterior side of the public entrance doorway has a change in level greater than ½ inch high.
Defendant fails to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.

III.     Defendant does not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

IV.     The public entrance doorway lacks maneuvering clearances at the door.
Defendant fails to provide an accessible door with level and sufficient maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.

V.     The property owner defendant failed to provide an accessible entrance to the tenant.  See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

VI.     Defendant fails to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door.  See 1991 Standards§§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

31.     The remediation necessary to provide an ADA compliant accessible entrance are known, architecturally possible, and financially achievable for the Defendant.  Possible remediation includes: installation of a permanent exterior accessible ramp; installation of an incline platform lift; raising the level of the sidewalk; or installation of a permanent interior accessible ramp.

32.     Upon information and belief, a full inspection of the B Cup Café premises will reveal the existence of other barriers to access.

33.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the B Cup Café premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

34.     Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

35.     Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor has Defendant made or provided accommodations or modifications for persons with disabilities.

36.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the B Cup Café premises continue to exist and deter Plaintiff as well as deter Plaintiff from arranging meetings with her disabled friends.

37.     Plaintiff intends to continue patronizing the B Cup Café premises and will do so with more frequency after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

38.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the B Cup Café premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

39.     Plaintiff intends to patronize the B Cup Café premises several times a year as "tester" to monitor, ensure, and determine whether the B Cup Café premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

40.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

41.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a cane and knee braces for mobility.

42.     Plaintiff also qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of 42 U.S.C. § 12182 (b)(1)(E).

43.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

44.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

45.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

46.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

47.     Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

48.     The B Cup Café premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

49.     Defendant failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

50.     The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

51.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

52.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

53.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

54.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

55.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

56.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

57.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

58.     Plaintiff qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of the NYSHRL.

59.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

60.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

61.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

62.     Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendant has aided and abetted others in committing disability discrimination.

63.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

64.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

65.     It would be readily achievable to make Defendant's place of public accommodation fully accessible.

66.     It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

67.     As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

68.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

69.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

70.     Plaintiff has from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

71.     Plaintiff qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of § 8-107(20) of the NYCHRL.

72.     Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendant has aided and abetted others in committing disability discrimination.

73.     Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

74.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

75.     Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

76.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

77.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce each other in each of the other Defendant's attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of

their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

78.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Standard Realty Associates, Inc. continuously controlled, managed, and operated the public sidewalk abutting 212 Avenue B, which includes the portion of the sidewalk constituting the entrance to Defendant's place of public accommodation.

79.     Standard Realty Associates, Inc.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

80.     Defendant discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

81.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

82.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

14

83.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

84.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

85.     Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

86.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

87.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

88.     By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

lawfully expended to pay for a fully compliant and accessible space.  Defendant's
unlawful profits plus interest must be disgorged.

89.     Plaintiff has suffered and will continue to suffer damages in an amount to
be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

90.     Plaintiff realleges and incorporates by reference all allegations set in this
Complaint as if fully set forth herein.

91.     Defendant discriminated against Plaintiff pursuant to New York State
Executive Law.

92.     Consequently, Plaintiff is entitled to recover the monetary penalty
prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

93.     Notice of this action has been served upon the Attorney General as
required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

94.     Plaintiff realleges and incorporates by reference all allegations set in this
Complaint as if fully set forth herein.

95.     Defendant negligently designed, constructed, operated, repaired, and
maintained their place of public accommodation located at 212 Avenue B in a manner
that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

96.      At all relevant times, Defendant, who hold their property open to the
public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair,

and maintain their place of public accommodation located at 212 Avenue B in a reasonably safe condition.

97.    Defendant breached their duty by negligently designing, constructing, operating, repairing, and maintaining their place of public accommodation located at 212 Avenue B in a manner that has unreasonably endangered the Plaintiff's physical safety and caused bodily injury to Plaintiff.

98.    Defendant's failure to design, construct, operate, repair, and maintain their place of public accommodation located at 212 Avenue B in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff to suffer bodily injury.

99.    Defendant has had actual and constructive notice that their place of public accommodation located at 212 Avenue B is not safe to the disabled.

100.    As a direct result of Defendant's negligence, Plaintiff has suffered and continues to suffer a bodily injury in an amount to be determined at trial.

## INJUNCTIVE RELIEF

101.    Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

102.    Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

103.    Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendant for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 24, 2023
        New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:___/s_____
        Glen H. Parker, Esq.
        Attorneys for Plaintiff
        40 Worth Street, Suite 602
        New York, New York 10013
        Telephone: (212) 248-7400 ex. 15
        Facsimile: (212) 248-5600
        Email: ghp@parkerhanski.com